UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

**JOHN S. HOLLIER, II,**

         **Plaintiff,**

-vs-                                           Case No.
                                                HON.

**ZAKHEIM & LAVAR, PA fka**
**ZAKHEIM & ASSOCIATES, PA**

         **Defendant.**

_____/

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (0980668)
Attorney for Plaintiff
30600 Telegraph Road, #1350
Bingham Farms MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
brianparker@collectionstopper.com
WWW.COLLECTIONSTOPPER.COM
_____/

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, **JOHN S. HOLLIER, II** (Plaintiff), by and through counsel, brings this action against the above listed Defendant, **ZAKHEIM & LAVAR, PA formerly known as ZAKHEIM & ASSOCIATES, PA ("Zakheim")** on the grounds and in the amounts set forth herein:

### I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq*, the Servicemembers' Civil Relief Act (SCRA), 50 USC app. Sections 501 and The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. and seeks actual damages, costs and attorneys fees.

## II. PARTIES

1.

The plaintiff is a natural person and consumer, and a resident of Christian County, Kentucky while in the US Army at Fort Campbell but previously a resident of Marion County, and a consumer as defined by 15 U.S.C. 1692a(3) and Florida Statutes, Sections 559.55 (2).

2.

The Defendant Zakheim is a For-Profit Corporation with its registered agent located in the City of Plantation, County of Broward, and State of Florida.

3.

The Defendants are engaged in the collection of debts from consumers using the mail and telephone. The Defendants regularly attempt to collect consumer debts alleged to be due another and are debt collectors as provided in 15 U.S.C. 1692a(6) and FCCPA, 559.55 (6).

## III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. 1692 *et seq*. The Servicemembers' Civil Relief Act (SCRA), 50 USC app. Sections 501 et seq. and The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. The venue is proper in any court of competent jurisdiction under 15 U.S.C. 1692k(d).

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are

not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. 1692.

6.

Under the FDCPA, a consumer is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. 1692a(3).

7.

Under the FDCPA, a debt means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. 1692a(5).

8.

Under the FDCPA, a debt collector is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for

any actual damages sustained, statutory damages up to $1,000.00, attorneys fees as determined by the Court and costs of this action. 15 U.S.C. 1692k.

## FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA)

12.

The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A Debt Collector means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Florida Statutes, Sections 559.55 (6).

14.

"Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statutes, Sections 559.55 (2).

15.

"Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Florida Statutes,

Sections 559.55 (1).

16.

Prohibited acts by debt collectors or collection agencies under Florida Statutes, Sections 559.72, include:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist; and

(10) Use a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, when it is not; and

(5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false;

17.

Under Florida Consumer Collection Practices Act, 559.77 et seq.(1 and 2) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In an action brought pursuant to subsection (1and 2), in determining the Defendant's liability for any additional statutory damages, the court shall consider the nature of the Defendant's noncompliance with 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

## SERVICEMEMBERS CIVIL RELIEF ACT ("SCRA")
## 50 U.S.C. App. §§501-597b

18.

Under the Servicemembers' Civil Relief Act (SCRA), the purpose of the SCRA is to give servicemembers protection when they have been sued civilly. Judicial and Administrative proceedings that adversely affect servicemembers are suspended temporarily so that the servicemember can concentrate on defense of the United States through their military service.

19.

There are three areas where the SCRA protects servicemembers in court actions: (1) against entry of default judgments; (2) stopping proceedings where the serviceperson has notice of the proceeding; and (3) stopping the execution of judgments, garnishments, attachments (and perhaps even getting the judgments done away with).

20.

When a civil plaintiff tries to get a default judgment against a servicemember, the plaintiff must swear that the defendant is not a member of the military. If the motion/affidavit for default states that the person is in the military, the Court appoints an attorney or grants a "stay"(stopping) of the court action until the Court is satisfied that there is no good defense that the serviceperson might be able to raise.

21.

Under the SCRA Section R§ 521. Protection of service members against default judgments    [Sec. 201]

(b) Affidavit requirement

(1) Plaintiff to file affidavit. In any action or proceeding covered by this section, the

court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit—

(A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or

(B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

22.

Under the SCRA Section R§ 597a:

**Private Right of Action**

(a) In general. Any person aggrieved by a violation of this Act may in a civil action—

(1) obtain any appropriate equitable or declaratory relief with respect to the violation; and

(2) recover all other appropriate relief, including money damages.

(b) Costs and attorneys fees. The court may award to a person aggrieved by a violation of this Act who prevails in an action brought under subsection (a) the costs of the action, including a reasonable attorney fee.

## V. FACTUAL ALLEGATIONS

23.

Plaintiff realleges the above pleadings.

24.

US Army Sergeant JOHN S. HOLLIER, II, is a decorated veteran of the war in Afghanistan who has been on active duty in the US Army since September 24, 2008. **Please see**

**attached Exhibit No. 1 and No. 2 which are the US Army records showing he is active duty, his Afghanistan orders and his decorations.**

25.

During Plaintiff's time in Afghanistan, Defendant Zakheim sued Plaintiff for a collection on a credit card debt. **Please see Exhibit 3**.

26.

After the Plaintiff did not Answer the lawsuit, Defendant Zakheim informed the court that it had checked with the Defense Manpower Data Center on February 17, 2011 and swore under oath with a Non-Military Affidavit that stated "That based upon the attached Certificates from the Defense Manpower Data Center, the Defendant(s) is/are not in the service of the armed forces of the United States and is/are not entitled to the relief afforded by the Service member's Civil Relief Act." **Please see Exhibit 4 which is the February 17, 2011 Data Center Certificate provided to the court by Defendant and Exhibit 5 which is Defendant's Sworn Affidavit that the Plaintiff is not on Active Duty and not eligible for the SCRA**.

27.

However the document at **Exhibit 4** that Defendant relied upon and swore to says that Plaintiff *is on Active* Duty and the document warns that he is eligible for SCRA protections. Yet, Defendant's sworn document to the court in the Non-Military Affidavit states that Plaintiff is not in the service of the Armed Forces and not eligible for protections from the SCRA. **Please see Exhibit 5**.

28.

Based on **Exhibit 4 and 5** Defendant Zakheim obtained a Default Judgment against Plaintiff. **Please see Exhibit 6**.

29.

After Plaintiff returned from Afghanistan and in early 2012, Plaintiff discovered a judgment on his credit report for a debt and lawsuit he was not aware of as owing to this Defendant as stated in the pleadings above. **Please see Plaintiff Affidavit Exhibit No. 7**.

30.

Plaintiff contacted Defendant and informed them that he was not aware that there was a lawsuit against him as he was in Afghanistan and also, he thought he was protected by the SCRA. Defendant Zakheim refused to admit their mistake and informed Plaintiff that it was too late to do anything about it or take it off his credit report. **Please see attached Exhibit No. 7**.

31.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA SCRA and FCCPA.

## VI. CAUSES OF ACTION

### CLAIM AGAINST DEFENDANTS UNDER THE FDCPA AND FCCPA

32.

Plaintiff realleges the above pleadings.

33.

The Defendant has violated the FDCPA, 15 U.S.C. 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt as shown above.

34.

Defendant has violated the FDCPA, 15 U.S.C. 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the

collection of a debt as pled above.

35.

Defendant has violated the FDCPA, 15 U.S.C. 1692e by engaging in any false, deceptive, or misleading representation or means in connection with the collection of a debt as pled above.

36.

Defendant has violated the FDCPA, 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

37.

Defendant has violated the FDCPA, 15 U.S.C. 1692f with the threat to take any action that cannot legally be taken given Plaintiff's SCRA status.

38.

Defendant has violated the FCCPA, 559.72(5) by placing a debt Plaintiff does not owe on Plaintiff's credit reports.

39.

Defendant has violated the FCCPA, 559.72(9) by suing on a debt when it knows that the debt is not legitimate or that it does not have a right to enforce.

40.

Defendant Verizon has violated the FCCPA, 559.72(10) by communicating while pursuing the collection of a debt with the false authorization of the US government to obtain a default judgment against Plaintiff.

41.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorney's fees as determined by the Court and costs of this action. 15 U.S.C. 1692k.

42.

Under the FCCPA, the Defendants shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the Defendant's liability for any additional statutory damages, the court shall consider the nature of the Defendant's noncompliance with s. 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

## CLAIM AGAINST DEFENDANT UNDER SCRA

43.

Under the SCRA Section R§ 521 Defendant has obtained a Default Judgment against Plaintiff by swearing under oath to something that was not true in violation of R§ 521 (b)(1)(a).

44.

Under the SCRA Section R§ 597(a), Plaintiff seeks actual damages, consequential damages, punitive damages and the costs and expenses of this action.

45.

As a result of the actions of Defendants, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 18 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

46.

Plaintiff seeks judgment against the Defendants in whatever amount that Plaintiff is entitled including actual damages, consequential damages, punitive damages and the costs and

expenses of this action under the FDCPA, SCRA and FCCPA.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1. For compensatory damages;
2. For statutory damages under the FDCPA and FCCPA;
3. For $1,000 and actual damages under 559.72;
4. For attorney's fees and costs incurred in this action under the FDCPA and FCCPA;
5. Actual and Punitive Damages under the SCRA
6. For Actual Damages under the FCCPA, and
7. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 31th day of October 2012.

Respectfully submitted,

_____
BRIAN P. PARKER (0980668)
Attorney for Plaintiff